<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORVELINE SALOMON,<br><br>    Plaintiff,<br><br>  v.<br><br>NELNET SERVICING LLC,<br><br>    Defendant. | Civil Action No. 25-10259 (GC) (RLS)<br><br>**<u>MEMORANDUM OPINION</u>** |

<u>**CASTNER, District Judge**</u>

     **THIS MATTER** comes before the Court upon Defendant Nelnet Servicing LLC's Motion

to Dismiss the Amended Complaint filed by *pro se* Plaintiff Lorveline Salomon pursuant to Federal

Rule of Civil Procedure (Rule) 12(b)(6).  (ECF No. 23.)  Plaintiff opposed, and Defendant replied.[1]

(ECF Nos. 24, 27.)  The Court has carefully reviewed the parties' submissions and decides the

matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).  For the reasons

set forth below, and other good cause shown, Defendant's Motion is **GRANTED**.

---

[1]    After Defendant filed a reply brief, Plaintiff submitted a "Notice of Material Misrepresentation in Defendant's Reply Brief."  (*See* ECF No. 28.)  Defendant responded to Plaintiff's Notice, and Plaintiff submitted a response to Defendant's response.  (*See* ECF No. 29; ECF No. 30.)  Due to Plaintiff's *pro se* status, the Court has considered the subsequent filings in deciding this Motion.

I.      **BACKGROUND**

      A.      **Factual Background[2]**

Plaintiff is "an entrepreneur who relies on her credit rating for business and personal transactions." (ECF No. 15 ¶ 7.)  In 2015, "Plaintiff executed a promissory note for a student loan with Discover Student Loans" and at some point "set up automatic payments" with Discover.  (ECF No. 24 at 4; ECF No. 15 at 25.)[3]  Plaintiff states that "Defendant claims it acquired servicing rights" to Plaintiff's loan with Discover.  (ECF No. 24 at 4.)  However, "Plaintiff was never notified of any valid transfer" and "never agreed to any relationship" with Defendant.  (*Id.*; *see also* ECF No. 15 ¶ 15 (alleging Plaintiff "never entered into any agreement with Defendant for any servicing of any loans").)  Defendant Nelnet Servicing does business as Firstmark Services.  (ECF No. 15 ¶ 8.)

In October 2024, Plaintiff learned that Defendant reported negative information about Plaintiff's payment history to credit reporting agencies (CRAs).  (*Id.* ¶ 13.)  Between October 2024 and May 2025, Plaintiff sent seven dispute letters to Defendant regarding the account at issue, six of which are attached to Plaintiff's Complaint.  (*Id.* ¶ 17.)  Plaintiff alleges that each letter clearly identified the account, claimed the account was a result of identity theft, provided supporting documentation including police reports and affidavits from the Federal Trade Commission, and demanded that Defendant stop reporting to credit agencies and "delete the fraudulent account." (*Id.* ¶¶ 17-19.)  Plaintiff also disputed the account through the CRAs, including TransUnion and Experian, which "[u]pon information and belief . . . notified Defendant of these disputes."  (*Id.*

---

[2]      On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

[3]      Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

¶¶ 21-22.)  Plaintiff alleges that Defendant did not adequately investigate the disputed information. (*Id.* ¶¶ 20, 23-24.)  While the CRAs purportedly deleted Plaintiff's disputed account from their systems, Defendant "re-report[ed]" the information.  (*Id.* ¶¶ 25-26.)

Plaintiff further alleges that in November 2024 and December 2024, Defendant withdrew money from Plaintiff's bank account without Plaintiff's permission, as Plaintiff "never authorized Firstmark Services to access her credit reports or bank account."  (*Id.* ¶¶ 27-28, 79-80; ECF No. 24 at 4.)  After Plaintiff told Defendant that such access was unauthorized, Defendant still attempted to withdraw funds from Plaintiff's account. (ECF No. 15 ¶ 29.)

Plaintiff also alleges that Defendant engaged in harassing and abusive debt collection practices, including multiple phone calls per day, multiple mailings per month, continued collection attempts, re-reporting deleted information to the CRAs, and ignoring Plaintiff's request to communicate only by mail.  (*Id.* ¶¶ 35-36.)  Plaintiff alleges that Defendant "explicitly denied being a debt collector" but sent Plaintiff correspondence citing the Fair Debt Collection Practices Act (FDCPA) and affirming that "this is an attempt to collect a debt."  (*Id.* ¶¶ 30-33.)

Plaintiff alleges that Defendant's conduct has caused Plaintiff to be denied credit, suffer emotional distress, and spend time and money to address the "false reporting." (*Id.* ¶ 44.)

### B.    Procedural Background

On June 12, 2025, Defendant removed Plaintiff's Complaint from the Superior Court of New Jersey, Monmouth County to this Court.[4]  (ECF No. 1.)  Defendant filed a Motion to Dismiss. (ECF No. 5.)  After the parties briefed the Motion but prior to a decision from the Court, Plaintiff filed an Amended Complaint. (ECF No. 15.)  Plaintiff's Amended Complaint asserts eleven counts

---

[4]    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

for relief under the Fair Credit Reporting Act (FCRA), the FDCPA, the Electronic Fund Transfer Act (EFTA), the Family Educational Rights and Privacy Act (FERPA), a criminal statute, and state common law.  (*See generally id.*)  On September 26, 2025, Defendant moved to dismiss Plaintiff's Amended Complaint.  (ECF No. 23.)

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6) – Failure to State a Claim

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'"  *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).  When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements."  *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)).  The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim."  *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

When claims sound in fraud, plaintiffs "must satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b)."  *Burns v. Stratos*, No. 22-1319, 2023 WL 4014474, at *2 n.3 (3d Cir. June 15, 2023) (citing *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007));

4

*see also* Fed. R. Civ. P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud[.]").  This ordinarily requires a plaintiff who alleges fraud to "support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'"  *United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)); *accord Frederico*, 507 F.3d at 200 ("To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation.").

In deciding a Rule 12(b)(6) motion, the court can only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  A court may also consider any document "integral to or explicitly relied upon in the complaint" when ruling on a motion to dismiss.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## B.    Pro Se Leniency

Plaintiff is proceeding *pro se* and "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established."  *Higgs v. Att'y Gen. of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally."  *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  "Liberal construction does not, however, require the Court to credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'"  *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906

5

(3d Cir. 1997)).  "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>DISCUSSION</u>

Defendant argues that each of Plaintiff's eleven counts should be dismissed with prejudice. (*See generally* ECF No. 23-1.)  The Court considers each count in turn.

### A.    **Fair Credit Reporting Act**

Plaintiff asserts three violations of the FCRA pursuant to 15 U.S.C. §§ 1681s-2(b), 1681b, and 1681c-2 (Counts One, Two and Nine, respectively).  Defendant argues that Plaintiff cannot state a claim because Plaintiff has not plausibly established that the data Defendant furnished to the CRAs was inaccurate, Defendant is not the proper party in interest, and Plaintiff has not otherwise stated a claim under the FCRA.  (ECF No. 23-1 at 20-29.)  Plaintiff argues that Defendant did not properly investigate her claim of identity theft and that she never entered into an agreement with Defendant nor authorized Defendant to access her consumer credit reports. (ECF No. 24 at 3, 8-17.)

Plaintiff's first claim for relief asserts that Defendant failed to investigate her claims of identity theft after receiving notice of her dispute directly from Plaintiff and from the CRAs in violation of 15 U.S.C. § 1681s-2(b).  (ECF No. 15 ¶¶ 37-45.)  The FCRA is intended to protect consumers from inaccurate credit reporting practices.  *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011).  Under the statute, entities that furnish information (furnishers) to the CRAs have a duty to provide information that is accurate.[5]  *Id.* (citing 15 U.S.C. § 1681s-

---

[5]    The parties do not dispute that Defendant is a "furnisher" of information to the CRAs under the FCRA.  (ECF No. 15 ¶ 9 ("Defendant is a 'furnisher' of information to consumer reporting agencies within the meaning of 15 U.S.C. § 1681s-2."); ECF No. 23-1 at 12 ("Defendant Firstmark is a . . . 'furnisher' of information to 'consumer reporting agencies', within the meaning of those terms as they are defined by the FCRA.").)

2(a)).  When a consumer disputes the accuracy of the information a furnisher provides to the CRAs, that entity must conduct an investigation and, if necessary, correct the information.  *Id.* (citing 15 U.S.C. § 1681s-2(b)).  As such, an individual bringing an FCRA claim under § 1681s-2(b) must allege that: "(1) [the consumer] sent notice of disputed information to a [CRA], (2) the [CRA] then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."  *Cabrera v. Nazor*, Civ. No. 23-2745, 2024 WL 310523, at *5 (D.N.J. Jan. 25, 2024) (quoting *Franchino v. J.P. Morgan Chase Bank, N.A.*, Civ. No. 19-20893, 2020 WL 3046318, at *3 (D.N.J. June 8, 2020)) (internal quotations omitted).

Further, "to allege a plausible claim against a furnisher of credit information, the plaintiff must allege that the furnisher communicated inaccurate information to a credit reporting agency" and "what that information was."  *Bathily v. GEICO*, Civ. No. 24-0769, 2024 WL 897579, at *2 (E.D. Pa. Mar. 1, 2024); *see also Farrington v. Freedom Mortg. Corp.*, Civ. No. 20-4432, 2022 WL 16552779, at *10 (D.N.J. Oct. 31, 2022) ("A plaintiff must show inaccuracy to state a claim under § 1681s-2(b)." (citing *Esperance v. Diamond Resorts*, Civ. No. 18-10237, 2022 WL 1718039, at *5 (D.N.J. May 27, 2022) (collecting cases))); *Roach v. Navy Fed. Cred. Union*, Civ. No. 24-6408, 2024 WL 5204584, at *3 (E.D. Pa. Dec. 23, 2024) ("[C]ourts have explicitly held that a showing of inaccuracy is essential to a § 1681s-2(b) claim in regard to furnishers of credit information."); *cf. Scarbo v. Wisdom Fin.*, Civ. No. 20-5355, 2022 WL 309161, at *6 (E.D. Pa. Feb. 2, 2022), *aff'd*, No. 22-1398, 2022 WL 16829371 (3d Cir. Nov. 9, 2022) (explaining the threshold requirement that furnished information be inaccurate because "[a]bsent an inaccuracy, the consumer cannot 'satisfy the statutory requirement of actual damages' or 'Article III's requirement of actual damages or concrete harm'").  "Inaccurate" information under the FCRA is that which is "technically incorrect" or "through omission, [] creates a materially misleading

7

impression." *Stephens v. Equifax, Inc.*, Civ. No. 22-01940, 2023 WL 8531833, at *4 (D.N.J. Feb. 24, 2023) (quoting *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)).

The Court finds that Plaintiff has not plausibly alleged that Defendant furnished inaccurate information to the CRAs. Plaintiff alleges that Defendant reported inaccurate account information to the CRAs because "[t]he alleged account arose from identity theft"—or in other words, Defendant had no right to service Plaintiff's Discover loan. (ECF No. 15 ¶ 3.) Indeed, in a letter attached to Plaintiff's Amended Complaint, Plaintiff states that "[i]t has come to my attention that the personal information you have obtained from Discover was used without my consent, making you guilty of Aggravated Identity Theft[.]" (*Id.* at 25.) Plaintiff concedes that she took out a student loan from Discover in 2015 and identifies that as the account at issue in this case. (*Id.* (Plaintiff confirming she had an account with Discover Student Loans); ECF No. 24 at 9 (Plaintiff stating the "2015 documents" were "between Plaintiff and Discover Student Loans, not Firstmark Services").) However, another letter attached to Plaintiff's Amended Complaint confirms that Plaintiff was notified by Defendant in May 2025 that Defendant had been servicing Plaintiff's loan on behalf of Discover since October 2024. (ECF No. 15 at 35 (stating "[o]n behalf of [the loan holder], we service your consumer loans. . . . Discover began servicing your loan immediately after disbursement. [O]n 10/06/2024, they transferred your loan to us for servicing.").) As part of its opposition, Defendant also provides a copy of Plaintiff's promissory note in which Plaintiff agrees that Discover "may sell, transfer, or assign this Note" and that Plaintiff's "rights and obligations under this Note will continue unchanged," (ECF No. 23-3 at 20), as well as an August

8

16, 2024 letter from Discover advising Plaintiff that her loan would be transferred to Defendant for servicing as of October 5, 2024,[6] (*id.* at 4).

Thus, other than Plaintiff's allegation that Defendant is not the proper entity servicing Plaintiff's Discover loan, which is contradicted by Plaintiff's own exhibits, Plaintiff has not alleged that Defendant furnished inaccurate information to the CRAs to state a claim under the FCRA.[7] *See Stephens*, 2023 WL 8531833, at *4; *Zangara v. Nat'l Bd. of Med. Examiners*, No. 24-2664, No. 24-2672, 2025 WL 1218188, at *3 n.5 (3d Cir. Apr. 28, 2025) ("When a party's 'own exhibits contradict her allegations in the complaint, the exhibits control.'" (quoting *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 112 (3d Cir. 2018))).

In addition, Plaintiff's allegations that "[u]pon information and belief, the credit reporting agencies notified Defendant of these disputes" and that "Defendant failed to conduct reasonable investigations," (ECF No. 15 ¶¶ 20, 22), are insufficient to state a claim because "'mere conclusory statements' do not satisfy [her] burden under the federal rules." *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (affirming dismissal of FCRA claim where the plaintiff alleged the defendant failed to "fully and properly investigate" the matter); *see*

---

[6]     The Court can take judicial notice of the August 16, 2024 letter and the promissory note because they are referenced in the attachments to Plaintiff's Amended Complaint and are otherwise integral to Plaintiff's claims. (*See* ECF No. 15 at 35 (referencing transfer of Plaintiff's loan to Defendant for servicing as of October 6, 2024, and enclosing a copy of Plaintiff's promissory note).) Also, Plaintiff does not dispute their authenticity in Plaintiff's opposition. *See Damouni v. CitiMortgage, Inc.*, Civ. No. 20-1065, 2025 WL 3443249, at *1 n.1 (D.N.J. Dec. 1, 2025) (considering promissory note and other attachments to the defendant's motion to dismiss because the documents were integral to the plaintiff's claims and the plaintiff did not dispute their authenticity); *Burlington Coat Factory*, 114 F.3d at 1426 (concerns about lack of notice to plaintiff are "dissipated where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint" (citation omitted) (cleaned up)).

[7]     Plaintiff does not appear to otherwise challenge or dispute the information provided to the CRAs, such as missed payments or the amounts of those payments.

*also Schiano v. MBNA*, Civ. No. 05-1771, 2014 WL 1430034, at \*8 (D.N.J. Apr. 9, 2014) (dismissing FCRA claim because "there are no factual allegations to support the reasonable inference that these agencies notified MBNA of their dispute or that MBNA failed to investigate and modify the alleged inaccurate information"). Therefore, Count One is dismissed.

The Court now turns to Plaintiff's second claim for relief under the FCRA for "obtaining/using [a] consumer report without permissible purpose" pursuant to 15 U.S.C. § 1681b (Count Two). (ECF No. 15 ¶¶ 46-55 (cleaned up).) While Plaintiff's Amended Complaint is silent on the subsection being asserted, Plaintiff's brief cites § 1681b(f), and therefore the Court considers Defendant's Motion as to this subsection. Defendant argues that Plaintiff has not plausibly pled the elements of a claim of improper use or acquisition of a consumer report and misunderstands the consumer reporting process. (ECF No. 23-1 at 25-27.) Plaintiff responds that she never authorized Defendant's access to her consumer report. (ECF No. 24 at 8-12.)

Section 1681b(f) prohibits a person from using or obtaining a consumer report "for any purpose" unless it is both "obtained for a purpose for which the consumer report is authorized to be furnished under this section" and "the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f). "[T]o state a § 1681b(f) claim, the plaintiff must plausibly allege '(i) that there was a "consumer report" within the meaning of the statute; (ii) that the defendant used or obtained it; and (iii) that the defendant did so without a permissible statutory purpose.'" *Migliore by Migliore v. Vision Solar LLC*, 160 F.4th 79, 91 (3d Cir. 2025) (citing *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014)).

Here, Plaintiff alleges that "[t]he act of furnishing information to credit reporting agencies necessarily requires and demonstrates that Defendant first accessed Plaintiff's consumer reports to

10

verify account information and credit status[.]" (ECF No. 15 ¶ 48.)  The Court finds that Plaintiff's allegations are insufficient to state a claim under § 1681b(f).  Furnishing information to the CRAs is a function plainly contemplated by the FCRA.  *See* 15 U.S.C. § 1681s-2.  However, a furnisher does not access a consumer report to furnish information to CRAs.  *See Greene v. LexisNexis Risk Sols. Inc.*, Civ. No. 23-3107, 2024 WL 471573, at *3 (D.N.J. Feb. 7, 2024) ("A 'furnisher of information' under governing FCRA regulations is an 'entity that furnishes information relating to consumers *to one or more consumer reporting agencies for inclusion in a consumer report*.'") (citing 16 C.F.R. § 660.2) (emphasis added).  Indeed, the CRA is responsible for "assembling or evaluating consumer credit information . . . for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).  In other words, the FCRA contemplates that the CRAs assemble credit information, including information received by furnishers, into a consumer report; it does not contemplate that furnishers access consumer reports to provide or obtain such information.  Therefore, the Court finds that Plaintiff has not plausibly pled that Defendant improperly accessed Plaintiff's consumer report in violation of § 1681b(f) by furnishing information to the CRAs.  *See Bell Atl.*, 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face[.]").  Count Two is dismissed.

Next, the Court considers Plaintiff's third claim for relief under the FCRA for "failure to block information resulting from identity theft" pursuant to 15 U.S.C. § 1681c-2 (Count Nine). (ECF No. 15 ¶ 90-95 (cleaned up).)  Section 1681c-2 states that "a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft."  15 U.S.C. § 1681c-2(a).  It plainly applies only to the CRAs.  Plaintiff's Amended Complaint states that Defendant is a furnisher of information, not a CRA.  (*See* ECF No. 15 ¶¶ 9, 11 ("Defendant is a 'furnisher' of information to

consumer reporting agencies . . . . Defendant regularly furnishes consumer information to consumer reporting agencies including TransUnion and Experian.").)  Because this provision of the FCRA does not govern the conduct of furnishers, the Court dismisses Count Nine.

### B.        Fair Debt Collection Practices Act

Plaintiff asserts four counts against Defendant under four separate provisions of the FDCPA (Counts Three, Four, Five, and Six).  Defendant argues that Plaintiff cannot plausibly establish that it is a "debt collector" under the FDCPA.  (ECF No. 23-1 at 30-32.)  Even if Plaintiff has sufficiently pled as much, Defendant argues that Plaintiff has failed to state a claim under any of the FDCPA provisions at issue.  (*Id.* at 32-40.)

The FDCPA authorizes lawsuits against debt collectors who engage in certain prohibited debt collection practices. *See* 15 U.S.C. § 1692k(a). To establish a claim under the FDCPA, a plaintiff must allege that: (1) they are a consumer; (2) the defendant is a debt collector; (3) the plaintiff is challenging a defendant's attempt to collect a "debt" as defined under the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt.  *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).  The FDCPA defines "debt collector" as one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  However, the term excludes "any person collecting or attempting to collect any debt owed . . . to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person[.]"  *Id.* § 1692a(6)(F).

Many courts have found that loan servicers are not debt collectors under the FDCPA if loan servicing begins prior to default.  *See, e.g.*, *Dawson v. Dovenmuehle Mortg., Inc.*, Civ. No. 00-6171, 2002 WL 501499, at *5 (E.D. Pa. Apr. 3, 2002) ("A loan servicer, someone who services but does not own the debt, is not a 'debt collector' if the servicer begins servicing of the loan before default."); *Jones v. Select Portfolio Servicing, Inc.*, Civ. No. 08-972, 2008 WL 1820935, at *7

12

(E.D. Pa. Apr. 22, 2008) (dismissing count because the plaintiff made a "bald legal conclusion" that the defendant was a debt collector but did not allege that the loan at issue was in default at the start of servicing); *Conklin v. Purcell, Krug & Haller*, Civ. No. 05-1726, 2007 WL 404047, at *5 (M.D. Pa. Feb. 1, 2007) ("When a company is servicing a current payment plan or forbearance agreement rather than demanding payment on a defaulted loan, that company is not subject to the FDCPA."); *cf. Zlupko v. Wash. Mut. Bank*, Civ. No. 02-1179, 2004 WL 2297400, at *2, n.2 (E.D. Pa. Oct. 13, 2004) ("Mortgage lenders and servicers . . . are generally exempt from the FDCPA.").

Again, the correspondence attached to Plaintiff's Amended Complaint, sent from Defendant and addressed to Plaintiff, states that "we service your consumer loans." (ECF No. 15 at 35.) Indeed, Plaintiff does not appear to dispute that Defendant is a loan servicer. (ECF No. 24 at 8 (citing Plaintiff's allegations that Defendant did not have authorization to service her Discover loan), 17-19; *cf.* ECF No. 15 ¶ 15.) And Plaintiff's Complaint does not allege that the Discover loan was in default when Defendant began servicing the loan in October 2024. Rather, in a letter from Plaintiff to Defendant dated December 24, 2024, also attached as an exhibit to Plaintiff's Amended Complaint, Plaintiff discusses Discover's transfer of her account to Defendant and plainly states, "[t]he account was not defaulted." (ECF No. 15 at 25.) As such, Plaintiff has not plausibly pled that Defendant was a debt collector under the FDCPA, and the Court therefore dismisses Plaintiff's FDCPA claims.[8] *See Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*,

---

[8]    Plaintiff asserts that Defendant has made an "unequivocal admission that it is a debt collector." (ECF No. 24 at 17.)    However, Plaintiff's submissions to the Court show Defendant disavowing that it is a debt collector under the FDCPA. (*See* ECF No. 15 at 35 (letter from Defendant stating, "It is important to know that [Defendant] is not a debt collector under the Fair Debt Collection Practices Act.").)    Nonetheless, the analysis of whether Defendant was a debt collector under the FDCPA does not depend on its purported admissions or denials. *See Prince v. NCO Fin. Servs., Inc.*, 346 F. Supp. 2d 744, 751 (E.D. Pa. 2004) (finding defendant's letter stating "this is a communication from a debt collector" did not control the analysis of whether defendant was a debt collector under the FDCPA).

Civ. No. 20-4501, 2021 WL 268155, at *2 (D.N.J. Jan. 27, 2021) (dismissing FDCPA claim because the plaintiffs did not plausibly plead loan servicer was a debt collector); *see also Greene v. Shellpoint Mortg. Servicing*, Civ. No. 20-00822, 2020 WL 5810057, at *3 (D.N.J. Sep. 30, 2020) (same).

### C.    Electronic Fund Transfer Act

Plaintiff next claims in Count Seven that Defendant violated the Electronic Fund Transfer Act (EFTA) by making a total of $460.66 in unauthorized transfers from Plaintiff's bank account on November 5, 2024, and December 4, 2024.  (ECF No. 15 ¶¶ 78-83.)  Defendant argues that Plaintiff's EFTA claim should be dismissed because Defendant appropriately relied on Plaintiff's written authorization to Discover when making automatic withdrawals from Plaintiff's account. (ECF No. 23-1 at 40-42.)

The EFTA was enacted "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems" and to provide "individual consumer rights" in this regard.  15 U.S.C. § 1693(b).  It "provides a private cause of action for a consumer to seek damages for financial institutions' unauthorized electronic transfer of funds from the consumer's account."  *Scheffler v. TD Bank, N.A.*, Civ. No. 18-06688, 2019 WL 192651, at *4 (D.N.J. Jan. 15, 2019) (quoting *Golden-Koether v. JPMorgan Chase Bank, N.A.*, Civ. No. 11-3586, 2011 WL 6002979, at *2 (D.N.J. Nov. 29, 2011)).  However, EFTA also provides that when electronic fund transfers are preauthorized, a new authorization "is not required when a successor institution begins collecting payments."  *See* 15 U.S.C. § 1693e(a); 12 C.F.R. Pt. 1005, Supp. I § 10(b).  "Successor institution" is defined "broadly to include any successor payee," including, as an example, "when an institution purchases the mortgage servicing rights from a party that previously obtained the consumer's authorization," as "[t]o do otherwise could be extremely disruptive to consumers who have entered into agreements for automatic debiting and

14

could lead to missed payments and adverse consequences." Electronic Fund Transfers, 61 Fed. Reg. 19,678, 19,683, 1996 WL 218236 (May 2, 1996).

Plaintiff concedes in her brief that she "executed a promissory note for a student loan with Discover Student Loans," and the exhibits attached to Plaintiff's Amended Complaint acknowledge that Plaintiff "had set up automatic payments" with Discover. (ECF No. 15 at 25, 28; ECF No. 24 at 4.) The exhibits attached to Plaintiff's Amended Complaint further establish, as discussed *supra*, that Defendant assumed servicing Plaintiff's loan from Discover in October 2024, contrary to Plaintiff's allegations. (*See* ECF No. 15 at 35 (letter from Defendant to Plaintiff in which Defendant states that "we service your consumer loans. . . . Discover began servicing your loan immediately after disbursement. [On] 10/06/2024, they transferred your loan to us for servicing").) The Court thus finds that Plaintiff has failed to plausibly plead a claim under EFTA because Plaintiff's own allegations indicate that she authorized Discover to make automatic withdrawals from her account and that Defendant was a successor institution or successor payee to Discover. Although Plaintiff alleges she did not provide permission for such succession of transfers, Plaintiff's permission "is not required." 12 C.F.R. Pt. 1005, Supp. I § 10(b). Accordingly, the Court finds that Plaintiff has not alleged an EFTA claim and thus Count Seven is dismissed.[9]

### D.    Family Educational Rights and Privacy Act

Plaintiff also asserts a claim under FERPA, 20 U.S.C. § 1232g, as Count Eight. Defendant argues that no private right of action exists under FERPA, and Plaintiff's opposition does not address Defendant's arguments. (ECF No. 23-1 at 44-46.) Indeed, it is well-established that no

---

[9]    While Plaintiff alleges that Defendant "continued attempting to withdraw funds" after Plaintiff "notified Defendant of the unauthorized access," (ECF No. 15 ¶ 29), Plaintiff has not cited any authority establishing that an attempt to withdraw funds states a claim under EFTA.

private cause of action exists under FERPA.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002) ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."); *see also Woodruff v. Hamilton Twp. Public Schs.*, 305 F. App'x 833, 837 (3d Cir. 2009) (affirming district court's dismissal of a claim brought under FERPA because "there is no private cause of action under FERPA's confidentiality provisions").  Count Eight is therefore dismissed with prejudice.

### E.    18 U.S.C. § 1028A

Plaintiff also brings a claim under 18 U.S.C. § 1028A, a criminal statute prohibiting aggravated identity theft.  (ECF No. 15 ¶¶ 96-100.)  Defendant argues that Plaintiff cannot assert this claim because federal criminal statutes do not provide private causes of action, and Plaintiff's opposition does not respond to this argument.  (ECF No. 23-1 at 46-48.)  The Court agrees that this statute "does not permit a private right of action." *Jacques v. Chase Bank USA, N.A.*, Civ. No. 15-548, 2016 WL 423770, at *8 (D. Del. Feb. 3, 2016) (citing 18 U.S.C. § 1028A); *see also Farrar v. McNesby*, Civ. No. 13-5683, 2014 WL 6861458, at *4 (E.D. Pa. Dec. 5, 2014) (dismissing identify theft claim because it is a criminal statute "that do[es] not permit a private right of action").  Therefore, Count Ten is dismissed with prejudice.

### F.    Common Law

Finally, Plaintiff asserts a claim of common law fraud against Defendant.  (ECF No. 15 ¶¶ 101-106.)  Plaintiff's Complaint also alludes to common law claims of conversion, invasion of privacy, negligence per se, and unfair practices, although these claims are not pled separately.  (*Id.* ¶¶ 89, 99.)  The Court declines to exercise supplemental jurisdiction over these state claims.  *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").  Accordingly, Plaintiff's Amended Complaint will be dismissed in its entirety.

16

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 23) is **GRANTED**.  An appropriate Order follows.


Dated: April 22, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

17